UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHNNY LARES,<br><br>    Defendant. | Case No. 21cr1088-JLS<br><br>PRELIMINARY ORDER OF<br>CRIMINAL FORFEITURE |

WHEREAS, in the Information filed in this case, the United States sought forfeiture of all firearms and ammunition involved in the commission of the offense charged in Count 1 of the Information pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to the terms of the Plea Agreement and Forfeiture Addendum between the parties, Defendant JOHNNY LARES ("Defendant) consented to the forfeiture of all properties seized in connection with this case, including but not limited to, all firearms and ammunition involved in the offense set forth in Count 1 of the Information, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), which were involved in the violation of 18 U.S.C. § 922(g)(1), as charged in Count 1 of the Information; and

WHEREAS, on or about June 29, 2021, the Defendant pled guilty to Count 1 of the Information before Magistrate Judge Ruth Bermudez Montenegro, which plea included consent to forfeiture of all properties seized in connection with this case, including all

//

firearms and ammunition involved in the commission of the offense, including forfeiture of the following:

      a)    One (1) .45 caliber handgun bearing no serial number;

      b)    Approximately 150 rounds of .22 caliber Aguila ammunition;

      c)    Approximately 24 rounds of 7.62 caliber R3d Army Standard ammunition;

      d)    Approximately 5 rounds of .45 caliber CBC ammunition;

      e)    One (1) Norinco Hunter 7.62 rifle Serial No. 0586;

      f)    One (1) Marlin Model 60 .22 caliber Serial No. 95424613;

      g)    Approximately 373 Rounds of Red Army 7.62 ammunition;

      h)    Approximately 492 Rounds of Aguila .22 caliber ammunition;

      i)    Approximately 15 rounds of unknown manufacture .22 caliber ammunition;

      j)    Approximately 15 rounds of MagTech .45 caliber ammunition;

      k)    One (1) 2015 Chrysler 200 bearing California License Plate No. 8AIX574; and

      l)    One (1) iPhone X cellphone; and

WHEREAS, on July 30, 2021, this Court accepted Defendant's guilty plea to the Information; and

WHEREAS, by virtue of the facts set forth in the Plea Agreement and Forfeiture Addendum, the United States has established the requisite nexus between the forfeited properties and the offense of conviction; and

WHEREAS, by virtue of Defendant's factual admissions and guilty plea to Count 1 of the Information, the following are hereby ordered forfeited to the United States, and it is now entitled to possession of said properties, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c):

      a)    One (1) .45 caliber handgun bearing no serial number;

      b)    Approximately 150 rounds of .22 caliber Aguila ammunition;

    c)    Approximately 24 rounds of 7.62 caliber R3d Army Standard ammunition;

    d)    Approximately 5 rounds of .45 caliber CBC ammunition;

    e)    One (1) Norinco Hunter 7.62 rifle Serial No. 0586;

    f)    One (1) Marlin Model 60 .22 caliber Serial No. 95424613;

    g)    Approximately 373 Rounds of Red Army 7.62 ammunition;

    h)    Approximately 492 Rounds of Aguila .22 caliber ammunition;

    i)    Approximately 15 rounds of unknown manufacture .22 caliber ammunition;

    j)    Approximately 15 rounds of MagTech .45 caliber ammunition;

    k)    One (1) 2015 Chrysler 200 bearing California License Plate No. 8AIX574; and

    l)    One (1) iPhone X cellphone; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record to review, and no objections having been received.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    Based upon the factual admissions of the Defendant and his guilty plea to Count 1 of the Information, the United States is hereby authorized to take custody and control of the following properties, and the Defendant has hereby forfeited to the United States all of his right, title, and interest to said properties pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    a)    One (1) .45 caliber handgun bearing no serial number;

    b)    Approximately 150 rounds of .22 caliber Aguila ammunition;

//

3

21cr1088

c) Approximately 24 rounds of 7.62 caliber R3d Army Standard ammunition;

d) Approximately 5 rounds of .45 caliber CBC ammunition;

e) One (1) Norinco Hunter 7.62 rifle Serial No. 0586;

f) One (1) Marlin Model 60 .22 caliber Serial No. 95424613;

g) Approximately 373 Rounds of Red Army 7.62 ammunition;

h) Approximately 492 Rounds of Aguila .22 caliber ammunition;

i) Approximately 15 rounds of unknown manufacture .22 caliber ammunition;

j) Approximately 15 rounds of MagTech .45 caliber ammunition;

k) One (1) 2015 Chrysler 200 bearing California License Plate No. 8AIX574; and

l) One (1) iPhone X cellphone.

2. The aforementioned forfeited assets are to be held by U.S. Customs and Border Protection ("CBP") in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and

21cr1088

notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the forfeited properties.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Criminal Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Criminal Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

IT IS SO ORDERED.

Dated:  November 12, 2021

Hon. Janis L. Sammartino
United States District Judge

5

21cr1088